■ In the Matter of CALEB P., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTHONY W., Appellant. (Proceeding No. 1.) In the Matter of DYLAN P., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTHONY W., Appellant. (Proceeding No. 2.) In the Matter of MISTY P., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTHONY W., Appellant. (Proceeding No. 3.) In the Matter of MOLLY P., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTHONY W., Appellant. (Proceeding No. 4.) In the Matter of SEAN P., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTHONY W., Appellant. (Proceeding No. 5.) In the Matter of TYLER P., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTHONY W., Appellant. (Proceeding No. 6.) [817 NYS2d 528]—In six related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Orange County (Bivona, J.), dated June 1, 2004, which, upon consent, inter alia, determined that the subject children were neglected.

SEAN P. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TABITHA P., Appellant. (Proceeding No. 5.) In the Matter of TYLER P. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TABITHA P., Appellant. (Proceeding No. 6.) [817 NYS2d 527]—In six related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and amended disposition of the Family Court, Orange County (Bivona, J.), dated June 10, 2005, as, after a fact-finding and dispositional hearing, determined that she willfully disobeyed and failed to obey a prior dispositional order of the same court dated June 1, 2004, which directed, inter alia, that she ensure the subject children's school attendance.

Ordered that the order of fact-finding and amended disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court did not err in receiving hearsay evidence during the course of the fact-finding and dispositional hearing (see Family Ct Act § 1046 [c]; *People ex rel. Cusano v Leone*, 43 NY2d 665, 668 n 2 [1977]; *Matter of Jaquan P.*, 15 AD3d 664 [2005]). The record supports the Family Court's conclusion that the mother willfully disobeyed and failed to obey the dispositional order dated June 1, 2004. Crane, J.P., Mastro, Skelos and Dillon, JJ., concur.